Case 4:26-cv-00048   Document 9   Filed 02/17/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 19, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE IVAN ALVAREZ RENOVATO, § § | |
| Petitioner, § § | |
| VS. § | CIVIL ACTION NO. 4:26-CV-0048 |
| § § | |
| MARTIN L. FRINK, *et al.*, § § | |
| Respondents. § | |

## ORDER OF DISMISSAL

The petitioner, Jose Ivan Alvarez Renovato, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Houston Contract Detention Facility. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 1. He also filed a motion for a temporary restraining order ("TRO"). Doc. No. 2.

After the Court ordered an Answer in this case, but before the Respondents answered, the Fifth Circuit decided *Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the

United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The petition reflects that Petitioner is a noncitizen who entered the United States without inspection. Petitioner contends that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond, and that he has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), the mandatory detention statute. Petitioner's arguments regarding sections 1225 and 1226 and their implementing regulations are foreclosed by the Fifth Circuit's recent panel decision in *Buenrostro-Mendez, supra*. In addition, Petitioner's Fifth Amendment Due Process Clause claim is precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) and motion for a TRO (Doc. No. 2) are **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. All other pending motions, if any, are **DENIED as MOOT**.

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

4. If the Fifth Circuit, *en banc*, or the United States Supreme Court enters a decision that is contrary to the panel decision in *Buenrostro-Mendez v. Bondi, supra*, Petitioner is granted leave to file a motion for reconsideration or initiate a separate petition.

**SO ORDERED**.

Signed: February 17, 2026

_____
Andrew S. Hanen
United States District Judge